IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIMBERLEY A.,[1]

                Plaintiff,

      v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

                Defendant.

Case No. 2:20-cv-01802-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

      Kimberley A. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The Court has jurisdiction to hear Plaintiff's appeal pursuant to 42 U.S.C. § 405(g), and the parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court affirms the Commissioner's decision.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or based on legal error.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either the grant or denial of Social Security benefits, the district court "may not substitute [its] judgment for the [Commissioner's]." *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

**BACKGROUND**

I. **PLAINTIFF'S APPLICATION**

Plaintiff was born in June 1964, making her fifty years old on May 22, 2015, her alleged disability onset date. (Tr. 15, 76.) Plaintiff has some college education and past relevant work experience as an office specialist, customer service representative, teller, patient access specialist, caretaker, temporary worker, customer service/front desk, and senior secretary. (Tr. 91-93, 250-66.) In her application, Plaintiff alleged disability due to a nervous breakdown, anxiety, depression, panic attacks, short term memory loss, brain fog, upper muscle spasms in

PAGE 2 – OPINION AND ORDER

her back, chronic migraine, diabetes, fatty liver disease, occipital tension headache, and neuroma on left foot/toe numbness. (Tr. 76-77.)

The Commissioner denied Plaintiff's application initially and upon reconsideration, and on August 27, 2018, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 129-31.) Plaintiff and a vocational expert ("VE") appeared and testified at an administrative hearing held on September 17, 2019. (Tr. 34-74.) On October 23, 2019, the ALJ issued a decision denying Plaintiff's application. (Tr. 13-27.) On August 23, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's written decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff now seeks judicial review of the ALJ's decision.

## II.    THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 724-25.

The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.* at 954. The Commissioner bears the burden of proof at

PAGE 3 – OPINION AND ORDER

step five of the analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante*, 262 F.3d at 954.

### III.  THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 13-27.) At step one, the ALJ determined that Plaintiff engaged in substantial gainful activity from May to September 2015. (Tr. 15.) However, the ALJ determined there was a twelve-month period during which Plaintiff had not engaged in substantial gainful activity. (Tr. 16.) At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "diabetes; peripheral neuropathy; obesity; headaches; Morton's neuroma; mild upper airway resistance syndrome; anxiety; [and] depression." (*Id.*) At step three, the ALJ concluded that Plaintiff did not have an impairment that meets or equals a listed impairment. (*Id.*) The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform "light work as defined in 20 CFR 404.1567(b)" subject to these limitations: (1) Plaintiff "would need a sit/stand option every 30 minutes for five minutes while remaining at the work station[,]" (2) Plaintiff "cannot operate foot controls with the left lower extremity[,]" (3) Plaintiff "can never climb ladders, ropes, or scaffolds[,]" (4) Plaintiff "can occasionally climb ramps/stairs, stoop[,]" (5) Plaintiff "can frequently balance[,]" (6) Plaintiff "can never crouch, kneel, or crawl[,]" (7) Plaintiff "can frequently reach in all directions[,]" (8) Plaintiff "can frequently handle, finger, and feel[,]" (9) Plaintiff "should avoid exposure to extreme heat, wetness, and humidity[,]" (10) Plaintiff "should avoid exposure to moving or dangerous machinery and unprotected heights[,]" and (11) Plaintiff "would need to work in a low-stress job

PAGE 4 – OPINION AND ORDER

(defined as no production-pace, conveyer-belt type work; no sales quotas; no customer service work; and in a predictable work setting)." (Tr. 18.) At step four, the ALJ concluded that Plaintiff was able to perform her past relevant work as Cashier II and Administrative Clerk. (Tr. 26.) Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act and denied her application for disability benefits. (Tr. 26-27.)

## DISCUSSION

In this appeal, Plaintiff argues that the ALJ erred by failing to provide: (1) legally sufficient reasons for discounting the opinions of the non-examining state agency consultants, Susan M. South, Psy.D. ("Dr. South") and Bill Hennings, Ph.D. ("Dr. Hennings"); and (2) adequate concentration, persistence, and pace limitations in the RFC assessment. (Pl.'s Opening Br. at 4.) As explained below, the Court concludes that the Commissioner's decision is free of harmful legal error and supported by substantial evidence in the record. Accordingly, the Court affirms the Commissioner's denial of benefits.

### I.     MEDICAL OPINION EVIDENCE

####     A.     Applicable Law

Plaintiff filed her application in November 2017. (Tr. 211, 214.) "For claims filed on or after March 27, 2017, Federal Regulation 20 C.F.R. 416.920c governs how an ALJ must evaluate medical opinion evidence." *Tyrone W. v. Saul*, No. 3:19-cv-01719-IM, 2020 WL 6363839, at *6 (D. Or. Oct. 28, 2020) (citation omitted); *see also Linda F. v. Saul*, No. 20-cv-05076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020) ("Because [the] plaintiff filed her applications after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence.").

Under the new regulations, the Commissioner will "no longer give any specific evidentiary weight," let alone controlling weight, "to any medical opinion." *See Allen O. v.*

PAGE 5 – OPINION AND ORDER

*Comm'r of Soc. Sec.*, No. 3:19-cv-02080-BR, 2020 WL 6505308, at *5 (D. Or. Nov. 5, 2020) (simplified), *aff'd*, 2021 WL 5906142 (9th Cir. 2021). Instead, as this Court recently explained, "the ALJ considers all medical opinions and evaluates their persuasiveness based on supportability, consistency, relationship with the claimant, specialization, and 'other factors.'" *Robert S. v. Saul*, No. 3:19-cv-01773-SB, 2021 WL 1214518, at *3 (D. Or. Mar. 3, 2021) (simplified).

"The new regulations require ALJs to articulate how persuasive they find all of the medical opinions and explain how they considered the supportability and consistency factors." *Id.* (simplified). At a minimum, "this appears to necessitate that an ALJ specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion." *Id.* (quoting *Linda F.*, 2020 WL 6544628, at *2). Accordingly, "the more relevant the objective medical evidence and supporting explanations presented and the more consistent with evidence from other sources, the more persuasive a medical opinion or prior finding." *Id.* (quoting *Linda F.*, 2020 WL 6544628, at *2).

"The ALJ may but is not required to explain how other factors were considered," including (1) the "relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination)," (2) "whether there is an examining relationship," (3) specialization, and (4) "other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements." *Id.* (quoting *Linda F.*, 2020 WL 6544628, at *2). The ALJ is, however, "required to explain 'how they considered other secondary medical factors [if] they find that two or more medical opinions about the same issue are equally supported and consistent with the record but not identical,'" and

courts "must 'continue to consider whether the ALJ's analysis has the support of substantial evidence.'" *Id.* (citations omitted).

**B.   Analysis**

Plaintiff argues that the ALJ erred by failing to provide legally sufficient reasons for declining to adopt the opinion of the non-examining state agency consultants, Drs. South and Hennings, that Plaintiff is limited to 1-3 step tasks.

In March 2018, Dr. South opined, as relevant here, that Plaintiff had moderate limitations in her ability to carry out detailed instruction and her ability to maintain attention and concentration for extended periods. (Tr. 85-86, 90.) Dr. South concluded that Plaintiff is capable of comprehending 1-3 step tasks, but is incapable of complex tasks, and that Plaintiff is capable of responding to minor changes in the workplace, but incapable of responding to more than minor changes. (*Id.*) In August 2018, on reconsideration, Dr. Hennings affirmed Dr. South's opinion. (Tr. 112.)

The ALJ found Drs. South and Hennings's opinions "not persuasive." (Tr. 23.) The ALJ accounted for the proposed limitations relating to changes in the workplace by limiting Plaintiff to low-stress work (Tr. 18), but reasoned that the "remainder of their opinion is not consistent with the record as a whole." (Tr. 23.) Specifically, the ALJ noted that limiting Plaintiff to 1-3 step tasks was inconsistent with Plaintiff's own testimony, her WAIS-IV test results, and her presentation of average intelligence and normal memory:

> [A]lthough they opined that the claimant is limited to only 1-3 step tasks, this is not consistent with the claimant's own statements to treating mental health providers that her strengths include paying attention to detail, having "a lot" of job skills, learning quickly, being good at what she does, and listening well. It is also not consistent with WAIS-IV testing showing scores in the low average to average range. On other occasions, the claimant presented on examination with apparently average intelligence and normal memory.

PAGE 7 – OPINION AND ORDER

(Tr. 23-24 (citing Tr. 696, 800, 802-03, 832, 1116, 1118, 1124, 1212, 1285-87, 1390, 1392, 1436)).

Plaintiff argues that although the ALJ adequately explained why he declined to adopt Drs. South and Hennings's proposed moderate limitations in understanding, remembering, or applying information, the ALJ's explanation did not address their proposed limitations with respect to Plaintiff's ability to concentrate, persist, or maintain pace. (Pl.'s Br. at 6.)

As the Commissioner notes, the applicable regulations instruct that "concentrate, persist, or maintain pace" refers to the "abilities to focus attention on work activities and stay on task at a sustained rate." (Def.'s Br. at 4) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E3). The Court finds that the evidence the ALJ cited in declining to adopt the 1-to-3 step task limitation was relevant both to Plaintiff's ability to understand, remember, and apply information, and also to her ability to focus and stay on task at a sustained rate.

First, Plaintiff's admitted strength for "paying attention to detail" supports her ability to focus and persist in focus, because paying attention, especially to details, requires focus. (Tr. 23-24.) Similarly, her ability to learn quickly, being good at her job, and listening well demonstrate an ability to concentrate and stay on task. Furthermore, Plaintiff's scores on the WAIS-IV, which includes an evaluation of working memory and processing speed, among other things, also supports Plaintiff's ability to focus and stay on task at a sustained rate. (*See* Tr. 1286-88, concluding that Plaintiff's attention and concentration were only "sometimes mildly" impaired and she had "good" task persistence.) Finally, the ALJ also cited Plaintiff's average intelligence and normal memory, which is somewhat less compelling evidence with respect to concentration, persistence, and pace, but is nevertheless relevant to whether Plaintiff had the mental capacity to stay on task. See *Amanti v. Comm'r Soc. Sec. Admin.*, No. 6:11-cv-06378-MA, 2012 WL

5879530, at *7 (D. Or. Nov. 19, 2012) ("The question with regard to this [concentration, persistence, or pace] limitation is not whether plaintiff can understand instructions, but whether she has the mental capacity to stay on task such that employment is available.").

The ALJ considered Drs. South and Hennings's opinions, evaluated their persuasiveness based on supportability and consistency, and concluded that their opinion limiting Plaintiff to 1-3 step tasks was not persuasive. As detailed above, the ALJ's conclusion was supported by substantial evidence in the record, and therefore the ALJ did not commit reversible error. *See VanBlaricum v. Colvin*, No. 6:13-CV-00106-BR, 2014 WL 991834, at *10 (D. Or. Mar. 13, 2014) ("The Court finds the ALJ did not err in his assessment of Plaintiff's limitations related to concentration, persistence, or pace because the ALJ's assessment was consistent with Plaintiff's limitations identified in the medical record." (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) and *Saylor v. Astrue*, No. 3:10-CV-1313-JE, 2012 WL 3597423, at *3-4 (D. Or. Aug. 20, 2012))).

## II. PLAINTIFF'S RFC

The ALJ determined Plaintiff was capable of a reduced range of light work with several additional postural, environmental, and mental limitations. (Tr. 18.) Plaintiff argues that the ALJ's RFC fails to address Plaintiff's moderate limitations in concentrating, persisting, and maintaining pace. (Pl.'s Opening Br. at 10.) The Commissioner responds that the ALJ accounted for Plaintiff's limitations in concentrating, persisting, or maintaining pace by limiting Plaintiff to low-stress jobs, including no production-pace or conveyor-belt type of work. (Def.'s Br. at 5-7.) The Court agrees.

### A. Applicable Law

The RFC is the most a person can do, despite her physical or mental impairments. *See* 20 C.F.R. § 404.1545. In formulating an RFC, the ALJ must consider all medically determinable

PAGE 9 – OPINION AND ORDER

impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. *Id.*; *see also* Social Security Ruling ("SSR") 96-8p, *available at* 1996 WL 374184. In determining a claimant's RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations. *See Stubbs-Danielson*, 539 F.3d at 1174-75 (affirming the ALJ's translation of moderate functional limitations into the claimant's RFC).

"Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE." *Leroy M. v. Comm'r, Soc. Sec. Admin.*, No. 6:18-cv-0632-HZ, 2019 WL 4276996, at *6 (D. Or. Sept. 10, 2019) (quoting *Rhinehart v. Colvin*, No. 2:15-cv-01704-AC, 2016 WL 7235680, at *12 (D. Or. Dec. 12, 2016) and citing *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001)).

**B.     Analysis**

Plaintiff argues that the ALJ concluded that Plaintiff is moderately limited in concentration, persistence, and pace in evaluating her Paragraph B criteria at steps two and three of the sequential evaluation process, but then erred by not incorporating those moderate limitations in the RFC at steps four and five. (Pl.'s Opening Br. at 9-10.)

As an initial matter, an ALJ evaluates Paragraph B criteria to determine if the severity of the claimant's mental impairment meets or is medically equal to the criteria of a listed impairment. *See* 20 C.F.R. Pt. 404, Subpt, P, App. 1. The limitations identified in the Paragraph B criteria "are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." SSR 96-8p; *see also* Tr. 18 (explaining that "[t]he limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process"). In formulating the mental RFC assessment used at steps four and

PAGE 10 – OPINION AND ORDER

five of the sequential evaluation process, the ALJ is required to perform "a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF (Psychiatric Review Technique Form)." SSR 96-8p.

Thus, "[w]hile similar evidence may be used in both assessments of Plaintiff's mental impairments, they are distinct, and limitations assessed in the context of the paragraph B assessment are not necessarily transferable to the more detailed assessment required when formulating the RFC." *JW U.C. v. Comm'r of Soc. Sec.*, No. 2:19-CV-00090-DWC2019, WL 3451515, at *2 (W.D. Wash. July 31, 2019) ("The ALJ's task when assessing the RFC is not to provide an adequate explanation for how the RFC accommodates the ALJ's paragraph B findings, but rather to perform a new, more detailed assessment incorporating all the relevant evidence." (citing SSR 96-8p)). "As such, the question is not whether the ALJ's paragraph B findings are consistent with the RFC, but whether the ALJ has provided an adequate explanation for the mental limitations contained in the RFC." *Id.*

As relevant here, a "finding that an individual has 'moderate' limitations in the paragraph B criteria domains does not require the ALJ to assess a specific degree of functional limitation in the RFC." *JW U.C.,* 2019 WL 3451515, at *3 (citing *Collingswood-Bonse v. Colvin*, No. 13-1646, 2015 WL 853063, at *5-6 (D. Or. Feb. 24, 2015) and *Phillips v. Colvin*, 61 F. Supp. 3d 925, 940 (N.D. Cal. 2014)). Thus, here the ALJ's finding that Plaintiff is moderately limited in concentration, persistence, and pace with respect to Plaintiff's Paragraph B criteria did not require the ALJ to assess a specific degree of functional limitation in the RFC. *See Thomas v. Astrue*, No. 1:09cv01716 DLB, 2010 WL 3260139, at *6 (E.D. Cal. Aug. 18, 2010) ("Plaintiff is incorrect, however, in arguing that these moderate difficulties were part of the RFC finding. The

ALJ's determination that Plaintiff had moderate difficulties in concentration, persistence and pace was made at the step two and three severity analysis. Unlike the analysis at steps two and three, where the ALJ examines the degree of limitation, RFC is the most a claimant can do, 'despite [his] limitations.'" (quoting 20 C.F.R. § 404.1545(a)).

In any event, the Court finds that the ALJ accounted for moderate limitations with concentration, persistence, and pace in light of the ALJ's broad definition of the "low-stress work" limitation in Plaintiff's RFC. Although limiting a claimant to "low-stress work" may not always adequately address a claimant's moderate limitations in concentration, persistence, and pace, here the ALJ included a broad, detailed definition of "low-stress" work, to mean "no production-pace, conveyer-belt type work" as well as "no sales quotas; no customer service work; and in a predictable work setting[.]" (Tr. 18.) The Court finds that the ALJ's definition of "low-stress work" was broad enough to encompass moderate limitations in concentration, persistence, and pace here. See Thomas, 2010 WL 3260139, at *7 ("Therefore, although the ALJ found moderate limitations in concentration, persistence and pace [at steps two and three], he found that Plaintiff retained the mental capacity to perform low stress jobs. Contrary to Plaintiff's assumption, a moderate limitation at steps two and three does not necessarily translate into a disabling RFC."); see also Henry v. Colvin, No. CV 15-3064-KES, 2016 WL 2851302, at *3 (C.D. Cal. May 13, 2016) ("Other circuits have held that adding a restriction against jobs that have inflexible production deadlines, goals or quotas adequately addresses a moderate impairment in the area of concentration, persistence or pace" (citing Smith v. Halter, 307 F.3d 377, 380 (6th Cir. 2001); Russo v. Astrue, 421 F. App'x 184, 192 (3d Cir. 2011); and Seamon v. Astrue, 364 F. App'x 243, 248 (7th Cir. 2010))); Henshaw v. Colvin, No. 1:14-cv-01788-SKO, 2016 WL 541408, at *16 (E.D. Cal. Feb. 11, 2016) ("A low stress, simple job would reasonably

PAGE 12 – OPINION AND ORDER

address attendance, completion, and pace limitations."); Cantrell v. Colvin, No. 6:14-CV-01122-BR, 2015 WL 5167219, at *7 (D. Or. Sept. 3, 2015) ("On this record the Court finds the ALJ did not err at Step Five when she incorporated Plaintiff's limitations in concentration, persistence, and pace into limitations during the relevant period to jobs in the national economy that require only simple instructions that can be learned in 30 days or less, low-stress jobs, and jobs that require only occasional public contact because the ALJ provided specific reasons supported by substantial evidence in the record for doing so.").

In conclusion, the ALJ properly weighed the medical opinion evidence and provided legally sufficient reasons for declining to adopt Drs. South and Hennings's proposed limitation relating to Plaintiff's ability to complete complex tasks. The ALJ was not required to incorporate Plaintiff's Paragraph B criteria in the RFC, but the ALJ nevertheless adequately addressed moderate limitations in concentration, persistence, and pace, by limiting Plaintiff to low-stress work, defined as excluding production-pace, conveyor-belt type, and quota work. See JW U.C., 2019 WL 3451515, at *3 ("[T]he question is not whether the ALJ's paragraph B findings are consistent with the RFC, but whether the ALJ has provided an adequate explanation for the mental limitations contained in the RFC."). Thus, the ALJ translated into the RFC all of Plaintiff's limitations that were supported by substantial evidence, and the Court concludes that ALJ did not commit reversible error. See Diane M. v. Comm'r of Soc. Sec., No. 3:17-cv-01971-BR, 2018 WL 6440889, at *8 (D. Or. Dec. 6, 2018) ("[T]he Court concludes the ALJ did not err when he assessed Plaintiff's RFC and he accounted for all credible limitations in his assessment.").

///

///

PAGE 13 – OPINION AND ORDER

## CONCLUSION

Based on the foregoing reasons, the Court AFFIRMS the Commissioner's decision because it is free of harmful legal error and supported by substantial evidence in the record.

**IT IS SO ORDERED.**

DATED this 3rd day of January, 2022.

*Stacie F. Beckerman*

HON. STACIE F. BECKERMAN
United States Magistrate Judge